IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAMES A. BALL, | : | |
|---|---|---|
| Petitioner | : | |
| | : | CIVIL NO. 4:CV-09-1035 |
| v. | : | (Judge McClure) |
| WARDEN JERRY MARTINEZ, | : | |
| Respondent | : | |

| JAMES A. BALL, | : | |
|---|---|---|
| Petitioner | : | |
| | : | CIVIL NO. 4:CV-09-1104 |
| v. | : | (Judge McClure) |
| WARDEN JERRY MARTINEZ, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM and ORDER**

July 9, 2009

Petitioner James A. Ball ("Petitioner" or "Ball") initiated the above *pro se* petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while previously confined at the Low Security Correctional Institution at Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania. He has paid the required filing fees in both actions. In his petitions, Ball alleged that he was denied due process in two

separate prison disciplinary hearings that resulted in his loss of good conduct time, and he requested the reinstatement of his good conduct time. A review of the Federal Bureau of Prisons ("BOP") Inmate Locator database has confirmed that Ball was released from federal custody on July 2, 2009. *See* www.bop.gov. Accordingly, for the reasons set forth below, the petitions will be dismissed as moot.

**BACKGROUND**

### I. Petition filed at Civil No. 4:CV-09-1035

In his first petition for writ of habeas corpus, Ball alleges that he was denied due process in connection with a disciplinary hearing that was conducted in his absence at the Fort Dix Federal Correctional Institution ("FCI Fort Dix") in Fort Dix, New Jersey, on December 30, 2008. (*See* Civil No. 4:CV-09-1035, Record document no. 1 at 1, 2.) The hearing was conducted pursuant to a December 17, 2008 incident report filed against Ball while he was participating in a pre-release program at the Firetree, LTD Capitol Pavilion ("Firetree") in Harrisburg, Pennsylvania. (*See id.* at 1; Record document no. 1-4 at 2, 12/17/08 Incident Report.) The report charged Ball with possession of a cellular phone in violation of a condition of a community program. (*See* Record document no. 1-4 at 2.) After the hearing, Ball was found guilty and sanctioned with the loss of six (6) days of good conduct time. (*See* Record document no. 1 at 7.)

2

## II. Petition filed at Civil No. 4:CV-09-1104

In his second petition for writ of habeas corpus, Ball alleges that he was denied due process in connection with a disciplinary hearing that was conducted in his absence at FCI Fort Dix on January 30, 2009. (*See* Civil No. 4:CV-09-1104, Record document no. 1 at 1, 2.) The hearing was conducted pursuant to a January 25, 2009 incident report filed against Ball while he was participating in the Firetree pre-release program. (*See id.* at 1, 13, 1/25/09 Incident Report.) The report charged Ball with violating a condition of a community program for failing to adhere to the requirement that he be accountable at all times. (*See id.* at 13.) Specifically, the report stated that Ball failed to appear at a 9:30 a.m. church service at St. Joseph's Catholic Church in Mechanicsburg, Pennsylvania, even though he had signed out for that purpose and that he failed to return to the Firetree facility on time. (*See id.*) After the hearing, Ball was found guilty and sanctioned with the loss of ten (10) days of good conduct time. (*See id.* at 7.)

**DISCUSSION**

Federal habeas corpus review under § 2241"allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."

*Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). In *Suggs v. Bureau of Prisons,* 2008 WL 2966740 *4 (D.N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

Because Ball was sanctioned with the loss of good time credits which adversely affected the duration of his ongoing federal confinement, his challenge to the disciplinary proceedings that led to that sanction was appropriate for federal habeas corpus review at the time these actions were filed. However, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990). Once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. *See Burkey v. Marberry,* 556 F.3d 142, 147 (3d Cir. 2009). This limitation on a District Court's authority stems from the fact that it can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings...." *Id.*; *see also Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy") (emphasis added). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)

4

(citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No. 3:CV-02-0465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Nevertheless, a petition is not moot if a released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Lane v. Williams,* 455 U.S. 624 (1982); *Carafas v. LaVallee,* 391 U.S. 234 (1968). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998). However, where a petitioner challenges the execution of a sentence that already has been served, collateral consequences will not be presumed. *Id.* at 12-14; *see also Burkey,* 556 F.3d at 148-49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as a collateral consequence, must exist for the action to continue."). Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *See Burkey*, 556 F.3d at 147 (citing *Lewis*, 494 U.S. at 477).

In the instant case, Ball does not challenge the validity of his underlying conviction or sentence. He challenges only the execution of his sentence. Consequently, Ball's petitions requesting the reinstatement of his good conduct time are moot because he has been released from federal custody. Once Ball served his entire term of imprisonment, and was released upon its completion, his good time

credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b); 28 C.F.R. § 523.2(c). As such, Ball cannot demonstrate any continuing collateral consequences or injury redressable by a favorable judicial decision. Because no live controversy remains, Ball's petitions for writ of habeas corpus will be dismissed as moot. *See Scott v. Schuylkill FCI,* 298 Fed. Appx. 202 (3d Cir. 2008). Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The petitions for writ of habeas corpus filed in the above-captioned actions are **DISMISSED** as moot.

2. The Clerk of Court is directed to **CLOSE** the above-captioned cases.

                                                     s/ James F. McClure, Jr.
                                                     JAMES F. McCLURE, JR.
                                                     United States District Judge